IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SANDRA RENDON, | § § | |
| *Plaintiff*, | § § § § | Civil Action No.: |
| | § | 3:21-cv-260 |
| V | § § § § § | |
| LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P. AND JOHN AND JANE DOES 1-100, | § § § § § | |
| *Defendants*. | § § | |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TEXAS DEBT COLLECTION ACT
AND DEMAND FOR JURY TRIAL**

Plaintiff, SANDRA RENDON, by way of Complaint against Defendant, LVNV FUNDING, LLC ("LVNV"), RESURGENT CAPITAL SERVICES, L.P. ("RESURGENT") and JOHN AND JANE DOES 1 THROUGH 100 ("DOES"), says:

## I.   NATURE OF THE ACTION

1. This action is brought by Plaintiff, Sandra Rendon ("Rendon" or "Plaintiff"), demands a trial by jury, for the illegal practices of the Defendant who used unfair, unconscionable, false, deceptive, and misleading practices, and other illegal practices, while attempting to collect alleged debts from Plaintiff in violation of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Texas Debt Collection Act, Tex. Fin. Code § 392, *et seq.* ("TDCA").

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the Plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

4. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive

list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: making false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. § 1692e(2)(B); using a false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); the false representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, 15 U.S.C. § 1692e(4); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer, 15 U.S.C. § 1692e(7); the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval, 15 U.S.C. § 1692e(9); the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10);

and the false representation or implication that documents are legal process, 15 U.S.C. § 1692e(13).

5. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

6. The TDCA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCA and Deceptive Trade Practices Acts).

7. Plaintiff seeks statutory damages, actual damages, injunctive relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, TDCA, and all other common law or statutory regimes.

8. This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. As such, this action arises out of "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

## II.   JURISDICTION AND VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Supplemental jurisdiction for Plaintiffs' state law claims arises under 28 U.S.C. § 1367.

11. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

12. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this federal judicial district, and because the named Defendant regularly transact business within this federal judicial district and, therefore, reside in the State of Texas within the meaning of 28 U.S.C. § 1391(b) and (c).

## III.   PARTIES

13. Plaintiff, Sandra Rendon, is a natural person who resided in El Paso, Texas and recently moved to Rockwall, Texas.

14. Defendant, LVNV, is a Delaware limited liability company who is authorized to conduct business in Texas. LVNV can be reached by mail at 200 Meeting St. Ste 206 Charleston, SC 29401-3187, and served by service via its registered agent located at CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

15. Defendant, RESURGENT, is a Delaware limited partnership, authorized to transact business in Texas. It may be served via its agent Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

16. DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

17. On information and belief, and based on advice of counsel, DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of the named Defendants that are the subject of this Complaint. DOES personally control, and are engaged in, the illegal acts, policies, and practices utilized by the named Defendants and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

## IV.   FACTUAL ALLEGATIONS

18. RESURGENT regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

19. The principal purpose of RESURGENT is the collection of such debts.

20. The Debt is a defaulted debt that Rendon used for personal, family, and household purposes (the "Debt") owed to original creditor, WebBank.

21. The Debt was acquired by LVNV from WebBank. LVNV subsequently used RESURGENT to collect on the Debt on its behalf.

22. In a filing dated February 9, 2018, Defendant, LVNV, sued Rendon in El Paso County, Texas to collect the Debt.

23. In a final judgment dated August 27, 2018, LVNV obtained a default judgment against Rendon (the "Judgment").

24. A true and correct copy of the Judgment is attached as *Exhibit A*.

25. The Judgment was awarded in favor of LVNV in the amount of $18,079.97.

26. Per the Judgment, it accrues interest at 5.00% per annum.

27. The Judgment does not provide for the recovery of any costs or other fees.

28. The El Paso District Clerk's records do not reflect the filing of a bill of costs in the Case.

29. Upon information and believe, at 5% per annum interest the Judgment amount, $18,079.97, accrues approximately $904 in one year.

30. On August 27, 2019, the approximate Judgment balance with accrued interest was $18,983.97.

31. Upon information and belief, Five percent annum interest of $18,983.97 in one year is approximately $949.20.

32. On August 27, 2020, the approximate Judgment balance with accrued interest was $19,933.17.

33. Between August 27, 2020, and February 9, 2021, a total of 166 days passed.

34. Post judgment accrued between August 27, 2020, and February 9, 2021, is approximately $459.57.

35. Upon information and belief, as of February 9, 2021, the judgment balance was approximately $20,392.74.

36. Sometime after February 9, 2021, Rendon received a letter (the "Letter") from RESURGENT collecting on the Debt.

37. A true and correct copy of the Letter is attached as ***Exhibit B*** except that some portions are redacted.

38. The Letter alleges the balance of the Debt is $20,504.33.

39. The balance of the Debt on the Letter is higher than the Judgment allows.

40. The Letter deprives Rendon of truthful and accurate information regarding the judgment.

41. The Letter misrepresents the amount of the Debt.

42. In order to collect the amount reflected in the Letter, Defendants accrued interest at a rate higher than 5.00%.

43. To achieve the balance stated in the letter Defendants added interest, fees, or costs that are not permitted by the judgment or other law.

44. The Letter did not provide any information regarding the rate of interest, the nature of the other charges, how any such charges would be calculated or what portion of the balance due, if any, reflects already accrued interest, late charges or other charges.

45. The Letter deprived Rendon of truthful, material, non-misleading information in connection with Defendants attempt to collect a debt.

46. These violations by LVNV and RESURGENT were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

47. LVNV and RESURGENT's collection efforts with respect to the Debt caused Rendon to suffer concrete and particularized harm because the FDCPA provides

Rendon with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

### V. CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

48. The Factual Allegations are incorporated by reference.

49. RESURGENT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

50. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

51. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

52. Rendon is a "consumer" as defined by 15 U.S.C. § 1692a(3).

53. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

54. The use and mailing of **Exhibit B** by LVNV and RESURGENT violated the FDCPA in one or more of the following ways:

    a. Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    b. Falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

    c. Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10);

    d. Using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; and

    e. Using unfair or unconscionable means to collect or attempt to collect any debt by collection any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt in violation of 15 U.S.C. § 1692f(1).

## VI. VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT-Texas Finance Code Chapter 392

55. The Factual Allegations are incorporated by reference.

56. Each Defendant is engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

57. Each Defendant is a "debt collector" within the meaning of Tex. Fin. Code § 392.001(5).

58. Each Defendant is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

59. The obligation Defendants sought to collect from Rendon is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

60. Rendon is a "consumer" within the meaning of Tex. Fin. Code § 392.001(1).

61. The Letter is an act of debt collection as defined by Tex. Fin. Code § 392.001(5).

62. Defendants violated the TDCA including but not limited to:

    a. Tex. Fin. Code § 392.304(a)(12) by representing that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges;

    b. Tex. Fin. Code § 392.304(a)(13) by representing that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion; and

    c. By using other false representations and deceptive means to collect a debt in violation of Tex. Fin. Code § 392.304(a)(19).

## VII.  JURY DEMAND

Plaintiff demands this case be tried before a jury.

## VIII. PRAYER FOR RELIEF

Plaintiff prays, that this Court enter judgment against Defendants, LVNV and RESURGENT, and in favor of Plaintiff for:

a) Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2);

b) Awarding actual damages to Plaintiff 15 U.S.C. § 1692k(a)(1);

c) Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

d) Awarding actual damages to Plaintiff pursuant to Tex. Fin. Code § 392.403(a)(2);

e) Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b); and

f) Providing for such other and further relief as may be just and proper.

Dated: October 19, 2021

Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com